UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MID-ISLAND WATER SPORTS, INC.,

   Plaintiff,

v.                                                    Case No. 2:22-cv-263-SPC-NPM
                                                                              IN ADMIRALTY

ALL POTENTIAL CLAIMANTS,

   Defendants.

## ORDER APPROVING INTERIM SECURITY AND DIRECTING NOTICE TO ALL PERSONS ASSERTING CLAIMS

As the owner of a Yamaha Pleasure Watercraft bearing Hull ID# YAMA2548J415 (the "Vessel"), and with respect to any claims against it or its property arising from or related to a collision with the vessel on or about December 10, 2021, on the navigable waters of the United States in Estero Bay near Big Carlos Pass, Florida, plaintiff[1] Mid-Island Water Sports, Inc., has provided an ad interim stipulation for costs and value as interim security for the benefit of claimants. (Doc. 1-5). Upon approval of the security, Plaintiff requests an order approving notice to all potential claimants and directing them to file their claims

---

[1] A party seeking exoneration from or limitation of liability in admiralty files a complaint and thereby commences a civil action as a plaintiff. *See* Supplemental Rule F. In orders, notices, pleadings, and other papers in this action, Mid-Island Water Sports, Inc., should therefore be referred to as plaintiff rather than "petitioner."

and any answers to the complaint in this action by a date certain. Plaintiff also requests an injunction that enjoins the further prosecution of any action or proceeding against it or its property with respect to any claim subject to limitation in this action. Plaintiff's motion (Doc. 10) is **GRANTED IN PART**.

The ad interim stipulation for the value of the owner's interest in the vessel in the amount of zero dollars, with additional security for costs and for interest at the rate of 6 percent per annum, is accepted as interim security for the benefit of claimants. Plaintiff, and any claimant who may properly become a party hereto, may contest the value of Plaintiff's interest in the vessel as fixed in the ad interim stipulation, subject to such increases or decreases in the amount of such stipulation, together with adequate security, as the court may from time-to-time order according to the rules and practices of this court. If the amount of the ad interim stipulation is not contested by any claimant herein, said stipulation shall stand as a stipulation for value and an appraisal will not be required.

Because the ad interim stipulation constitutes approved security, "all claims and proceedings against the owner related to the matter in question shall cease." 46 U.S.C. § 30511(c). If, despite this automatic stay provide by statute, any claimant continues to prosecute any other action or proceeding against Plaintiff or its property with respect to any claim subject to limitation in this action, then Plaintiff may apply for, and the court must grant, an injunction enjoining further

prosecution. *See* Supplemental Rule F(3).

By **August 22, 2022**, all persons or entities claiming damage for any and all loss, destruction, damage, injuries, and/or death allegedly as a result of the occurrences and happenings recited in the complaint must file their respective claims with the clerk of this court and serve on or mail to plaintiff counsel copies thereof. By the same date, all persons or entities presenting claims and desiring to contest the allegations of the complaint must file an answer to the complaint in this court and must serve on or mail to plaintiff counsel copies thereof or be defaulted. The **Clerk** is **DIRECTED** to issue the attached notice.

By **September 19, 2022**, Plaintiff must certify compliance with the notice provisions of Supplemental Rule F(4), which must include notice by publication in a newspaper of general circulation in Lee County. By **September 22, 2022**, plaintiff must certify compliance with the provisions of Supplemental Rule F(6).

**ORDERED** on June 27, 2022.

_Nicholas P. Mizell_
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE